374 So.2d 1238 (1979)
STATE of Louisiana
v.
Charles E. BONEVENTURE and Sharon K. Buchanan.
No. 64131.
Supreme Court of Louisiana.
September 4, 1979.
Lewis O. Unglesby, Baton Rouge, for defendant-relator Sandra Buchanan.
Jack M. Dampf, D'Amico & Curet, Baton Rouge, for defendant-relator Charles E. Boneventure.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., David M. Miller, Kay Kirkpatrick, Asst. Dist. Attys. for plaintiff-respondent.
DENNIS, Justice.
On December 4, 1977 an East Baton Rouge Parish deputy sheriff applied for a warrant to search the defendants' residence for marijuana. In support of his application, the officer submitted the following affidavit, which, in pertinent part, recited:
*1239 "[O]n December 4, 1977, affiant was contacted by a confidential [sic] and reliable informant who has been working under the direct supervision of affiant [and other officers and who has provided information to this affiant and to other officers leading to past arrests on narcotics violations and the seizure of substances later documented to be narcotics] contacted affiant and stated that he being said confidental [sic] and reliable informant had occasion to be present at 7164 Meadowpark on or about December 2, 1977 and observed a quantity of green vegetable material identified and offered for consumption as being marijuana by the occupant of 7164 Meadowpark occupant being Alan Buchanan.
"Affiant further informs the court that Alan Buchanan has previously been arrested on drug violations by the Sheriff's Office East Baton Rouge Parish on 4-74 for distribution of methaqualone and on 9-74 for possesion [sic] of marijuana by the Sheriff's Office East Baton Rouge Parish."
The search warrant was issued.
In executing the warrant law officers entered the premises and seized two shotguns, two .22 caliber rifles, approximately one pound of marijuana, five vials of liquid phenobarbital, numerous syringes, and approximately one gram of heroin.
Defendants moved to suppress these items. The district court denied their motion, and defendants applied to this Court for writs of review and certiorari. We granted the writs to determine if the warrant had been issued without probable cause. La.Const.1974, art. I, § 5.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Boksham, 370 So.2d 491 (La.1979); State v. Koncir, 367 So.2d 365 (La.1979); State v. Turnipseed, 362 So.2d 486 (La.1978); State v. Richards, 357 So.2d 1128 (La.1978). Thus, included within the general concept of probable cause is the necessary element of a reasonable belief that the contraband or evidence will not be disposed of but will remain at the place to be searched at the time of the proposed search. State v. Thompson, 354 So.2d 513 (La.1978); State v. Brawley, 347 So.2d 238 (La.1977).
In the instant case the affidavit fails to establish probable cause to believe that the evidence or contraband observed by the informant at the defendants' residence was not disposed of but remained at the place to be searched. A "quantity" of marijuana is an indefinite amount. However, the entire "quantity" observed was "offered for consumption." Thus, the marijuana observed was a small amount which could be consumed by the person or persons to whom it was offered. Under the circumstances, as set forth in the affidavit, there was not probable cause to believe that the same consumable amount of marijuana which was offered to a person or persons for consumption approximately two days before remained at the place to be searched. Nor was there probable cause to believe, as opposed to grounds for suspicion, that other marijuana than that offered for consumption could be found at the place to be searched. The arrests of one defendant for alleged criminal acts unrelated to the specific incident related in the affidavit is entitled to no weight in appraising the magistrate's decision to issue a warrant. Cf. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Tassin, 343 So.2d 681 (La.1977).
Accordingly, the warrant was issued without probable cause, and the search and seizure made thereunder were unreasonable and unconstitutional. The judgment of the district court is vacated, and the defendants' motion to suppress is granted.
*1240 Because we find reversible error in the trial judge's ruling on the motion to suppress, we do not reach the serious question raised by defendants that they should have been allowed to determine whether a particular individual was the confidential informant.
REVERSED AND REMANDED.
SUMMERS, C. J., and BLANCHE, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I am of the opinion that the search warrant was properly issued on probable cause. Accordingly, I respectfully dissent.