385 So.2d 226 (1980)
STATE of Louisiana
v.
Patrick W. LEWIS and David E. Wilson.
STATE of Louisiana
v.
Frank WILSON.
Nos. 66720, 66977.
Supreme Court of Louisiana.
June 23, 1980.
*227 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., David Miller, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee-respondent.
Lewis O. Unglesby, Frank J. Gremillion, Baton Rouge, for defendant-appellant-relator.
CALOGERO, Justice.
Defendants Patrick Lewis, David Wilson, and Frank Wilson were charged with five counts of possession of controlled dangerous substances in violation of R.S. 40:967(A) and 40:969(A). After a motion to suppress the evidence was denied, defendants Patrick Lewis and David Wilson pled guilty to possession of L.S.D. and possession of methaqualone. Defendant Frank Wilson pled guilty of possession of marijuana. Each defendant entered his guilty plea reserving his right under State v. Crosby, 338 So.2d 584 (La.1976) to seek review of the trial court's denial of the motion to suppress. Patrick Lewis and David Wilson were sentenced to five years at hard labor, sentences suspended, and were placed on five years' probation on the condition that they serve six months in the parish jail and pay fines of $2500. Frank Wilson received a six month sentence, suspended, was placed on two years' probation and was fined $250.[*] The only issue presented here is whether the trial court erred in denying defendants' motion to suppress.
On December 9, 1977, J. P. Thompson, an East Baton Rouge deputy sheriff, applied for a warrant to search the apartment of David Wilson located at 1819 No. Marque *228 Ann in Baton Rouge. In support of his application for the warrant, the officer submitted an affidavit, which in pertinent part, provided:
"Affiant informs the court that on December 9, 1977 affiant was contacted by a confidential and reliable informant who has been working under the direct supervision of affiant for the past six (6) months and who has provided affiant with information which has led to the arrest of at least seven (7) persons on narcotic violations of East Baton Rouge Parish and the seizure of large quantities of contraband which after being tested was found to be controlled under Louisiana law.
"Affiant, further informs the court that on or about December 7, 1977, he being said confidential and reliable informant had occasion to be in apt. # 133 of the Centurian Arms Apartments, located at 1819 N. Marque Ann and had occasion to see a quantity of green vegetable like substance, which was offered by David Wilson, occupant of the apartment, to above confidential informant as marijuana to smoke which he did and experienced a feeling of euphoria.
"Affiant further informs the court that a check with telephone security verified that telephone service in apartment # 133 of the Centurian Arms Apartments, located at 1819 N. Marque Ann was listed with Bell Telephone Company in the name of David Wilson."
On the basis of the affidavit, the search warrant was issued December 9th and was executed on the evening of December 12, 1977. In executing the warrant the officers seized a quantity of L.S.D., marijuana, and other controlled dangerous substances. All three defendants who were present in the apartment at the time of the seizure were arrested.
At the hearing on the motion to suppress defendants argued that the affidavit in support of the warrant failed to establish probable cause that the marijuana observed by the informant "on or about December 7, 1977" would be present in the defendant's apartment at the time that the warrant was executed, December 12, 1977. Defendants rely on State v. Boneventure, 374 So.2d 1238 (La.1979) to argue that the affidavit for this reason failed to establish probable cause.
In Boneventure a search warrant was issued on an affidavit which stated that a confidential informant had "... observed a quantity of green vegetable material identified and offered for consumption as being marijuana ...." This Court found that the affidavit failed to establish probable cause to believe that the evidence or contraband observed by the informant at the defendant's residence was not disposed of but remained at the place to be searched. The Court reasoned that the amount of marijuana observed by the informant was a small amount which might have been consumed by the person to whom or by whom it was offered. Furthermore the Court found that there was no probable cause to believe that marijuana other than that offered for consumption was present in the defendant's residence.
In the present case the affidavit states that a confidential informant had occasion to be in defendant Wilson's apartment "on or about December 7, 1977" and "had occasion to see a quantity of green vegetable like substance, which was offered by David Wilson, occupant of the apartment, to the above confidential informant as marijuana to smoke which he did and experienced a feeling of euphoria." The affidavit contains no allegations that drugs other than the marijuana which was offered to the informant were present in the apartment.
At the hearing on the motion to suppress Deputy J. Thompson, the affiant, testified that at the time the warrant was issued he did not know whether any marijuana observed by the informant was still in the apartment:
Defense Counsel:
"So as far as you know, at the time you got this warrant, it was all smoked up. Is that right?" *229 Deputy Thompson:
"No, I didn't know it was all smoked up."
Defense Counsel:
"Well, you didn't know that it wasn't either, did you?"
Deputy Thompson:
"No, sir."
Deputy Thompson also testified that as much as a week might have passed between the time that the informant observed, was offered, and smoked the marijuana in defendant's apartment and December 9, the date that the informant contacted the officer and the warrant was issued.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant. La. C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Boksham, 370 So.2d 491 (La.1979). Thus, included in the general concept of probable cause is the necessary element of a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at the time of the proposed search. State v. Thompson, 354 So.2d 513 (La.1978).
Under the reasoning in Boneventure the affidavit in the instant case clearly fails to establish the necessary element of probable cause that the contraband or evidence to be seized will not have been disposed of, but will likely remain at the place to be searched at the time of the proposed search. The affidavit states that the confidential informant observed a "quantity" of marijuana, that marijuana was offered to him, and that he did smoke marijuana. When the warrant in this case was executed, three days after the informant told the officer of his observation and possibly as much as ten days after he actually observed and smoked the marijuana at defendant's apartment, there could be no reasonable belief that the marijuana offered to and consumed by the informant remained in defendant's apartment. Furthermore there is nothing in the affidavit to establish probable cause that drugs other than the marijuana offered to and consumed by the informant were in the apartment.
Because the affidavit failed to establish probable cause that the marijuana likely remained in defendant's apartment, we find that the trial court erred in denying defendants' motion to suppress the evidence seized. Accordingly, the ruling of the district court denying defendants' motion to suppress is vacated and the motion is granted.

Decree
For the foregoing reasons the judgment of the district court is vacated and the motion to suppress is granted.
REVERSED.
MARCUS, J., dissents.
BLANCHE and LEMMON, JJ., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent. In my view, a person in possession of marijuana and offering it to others will more probably than not have it around five days later. At any rate, it suffices for probable cause, though I admit it is stretched to the outer limits.
LEMMON, Justice, dissenting.
A reviewing court should be extremely reluctant to suppress evidence seized pursuant to a search warrant sought and issued in good faith. Since the exclusionary rule is totally unrelated to the guilt or innocence of the accused and is intended primarily to deter misconduct by law enforcement officers, courts should encourage good faith efforts of policemen and issuing magistrates. Reviewing courts, furthermore, should emphatically express a preference for warrants by construing probable cause *230 in a manner which is not harsh or unduly technical. The ultimate quest of the criminal justice system is the truthful and accurate resolution of charges of law violations, and evidence undoubtedly establishing guilt should be suppressed only when absolutely necessary to effectively regulate improper law enforcement behavior.
In the present case a reliable informant told police on December 9, 1977 that two days earlier he had seen and been given marijuana in defendant Wilson's apartment. In my opinion the information in the warrant (issued the same day) gave police probable cause to believe that marijuana would be found in the apartment three days later when the warrant was executed. The fact that marijuana was freely used there on December 7 raised the logical inference that marijuana would be there December 12. Law Enforcement officers and issuing magistrates must deal in the sort of probabilities upon which reasonable men operate. Reviewing courts should test the validity of search warrant affidavits on the basis of probable cause and not on the basis of proof beyond a reasonable doubt.
The judge who issued the search warrant believed, and the judge who denied the motion to suppress agreed, that the intrusion into the privacy of an area where criminal activity had recently taken place was justified under the information contained in the affidavit. Appellate courts should accord appropriate deference to the reasoned judgment of the trial court regarding probable cause. Since I believe that suppression of this guilt-establishing evidence of criminal conduct is totally unnecessary to deter the police state tactics which gave rise to the exclusionary rule, I dissent.
NOTES
[*] Because Frank Wilson's sentence did not exceed six months, he had no right of appeal under La. C.Cr.P. art. 912 and sought review of his conviction through application for writs. We granted his application and consolidated the case with his co-defendants' appeal without regard to the merits because the cases presented an identical suppression issue.