STOKER, Judge.
Defendant, Larry Dunn, was charged with possession of marijuana with intent to distribute and possession of cocaine with intent to distribute in violation of LSA-R.S. 40:966(A) and LSA-R.S. 40:967(A). After a motion to suppress was denied, defendant plead guilty to an amended charge of attempted possession of cocaine. Defendant, entered his guilty plea reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to seek review of the trial court’s denial of the motion to suppress. Larry Dunn was sentenced to two years imprisonment at hard labor with the Department of Corrections, and was fined $1,250. The only issue presented here is whether the trial court erred in denying defendant’s motion to suppress. We affirm.
FACTS
On November 17,1981, Adrian Lamkin, a Grant Parish deputy sheriff, applied for a *1167 warrant to search the residence of Larry Dunn located in Grant Parish. In support of his application for the warrant, the officer submitted an affidavit, which in pertinent part provided:
“Within the past 48 hours, the informant was in the above described residence and while there the informant saw what the informant knows to be a large quantity of substance the occupant of the residence, one Larry Brown (sic), did state to be marijuana. The informant also identified the substance seen to be marijuana. The informant is familiar with the drug marijuana due to the informants past association with the drug for the past 6 months.
“This informant is reliable to your affi-ant in as much as the informant has given information to your affiant relative to drug trafficing (sic) in Grant Parish on at least 9 occasions. On each of these occasions, your affiant has been able to verify this information to be true and correct thru (sic) either direct investigation, corroboration thru (sic) informants, or corroboration with other police agencies.” (Tr. 29,87)
On the basis of the affidavit, the search warrant was issued on November 17, 1981, and executed that same evening. In executing the warrant Deputy Lamkin seized a quantity of marijuana, cocaine and other controlled dangerous substances. Defendant, who was present in his residence at the time of the seizure, was arrested.
ASSIGNMENT OF ERROR
The defendant urges that the trial court erred in denying the motion to suppress, .arguing that the affidavit supporting the issuance of the search warrant failed, within its four corners, to establish probable cause to search defendant’s residence so as to meet constitutional, statutory and jurisprudential requirements. In the affidavit, Deputy Lamkin related that the confidential informant saw what he described to be a “large quantity” of marijuana. Specifically, defendant argues that by the use of these terms the affidavit fails to contain the type of detailed factual basis contemplated by the jurisprudence necessary to establish probable cause sufficient to justify issuance of a valid search warrant.
The facts necessary to establish probable cause may be established by hearsay evidence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); State v. Paciera, 290 So.2d 681 (La.1974). In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court laid down a two-pronged test by which information given the affiant by an unidentified informant could be considered by the magistrate in determining if there was probable cause upon which a search warrant should issue. See also Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Recently, the Supreme Court in Illinois v. Gates, — U.S.-, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the two-pronged Aguilar-Spinelli test for the “totality of the circumstances” test. The Louisiana Supreme Court in State v. Lingle, 436 So.2d 456 (La.1983), subsequent to the trial court’s decision in this case, cited Gates as authority for the abandonment of the Aguilar-Spinelli test. The Court in Gates, supra, stated:
“The two-pronged test of Aguilar-Spi-nelli encouraged an excessively technical dissection of informants’ tips with undue attention being focused on isolated issues that could not sensibly be divorced from other facts... The rigorous inquiry into the Spinelli prongs and the complex superstructure of evidentiary and analytical rules that some have seen implicit in our Spinelli decision, cannot be reconciled with the fact that many warrants are — quite properly — issued on non-technical common-sense judgments of laymen applying a standard less demanding than those used in more formal, legal proceedings.”
In describing the task of the magistrate and the duty of a • reviewing court, the Court in Gates, supra, stated:
“The task of issuing magistrate is simply to make a practical, common-sense deei *1168 sion whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.”
Defendant cites State v. Bonaventure, 374 So.2d 1238 (La.1979), and State v. Lewis, 385 So.2d 226 (La.1980), for the proposition that the use of the term “quantity” in an affidavit to describe the amount of illegal drugs to be seized has been condemned by the Louisiana Supreme Court as failing to provide a sufficiently detailed factual basis for determining probable cause upon which a search warrant may validly issue. Defendant further argues that the addition of the adjective “large” does little to cure the defect. Defendant submits that, although under Aguilar-Spinelli, “direct personal observation” by the informant is one of the factors which support the reliability of the information submitted to the magistrate, in this case such observation is unreliable because the terms “large quantity” indicates lack of any supporting detail making it just as likely that the informant gained his “knowledge” through “mere rumour”. We disagree.
On their facts, both Bonaventure, supra, and Lewis, supra, are distinguishable from this case. In our view, they do not stand for the general proposition that use of the term “quantity” in an affidavit prohibits a finding of probable cause.
In Bonaventure, the affidavit recited that the entire “quantity” observed was “offered for consumption”. It was this last qualification plus the time factor involved that led the court to find a lack of probable cause. The court reasoned that, because of the small consumable amount initially observed and because the search did not take place until approximately two days later, the facts were insufficient to support the belief that either the marijuana eventually seized would be the same consumable amount originally offered or that other marijuana than that offered for consumption could be found at the place to be searched.
In Lems, the affidavit stated that the “quantity” of marijuana was offered to the “confidential informant as marijuana to smoke” and that he did smoke it. Again, it was this last qualification plus the fact that the warrant was not executed until three days after the informant told the officer of his observation and possibly as much as ten days after he actually observed and smoked the marijuana that led the court to find that there could be no reasonable belief that either the marijuana offered to and consumed by the informant remained in defendant’s apartment or that drugs other than the marijuana offered to and consumed by the informant were in the apartment. Based on these two decisions, it is clear that use of the descriptive term “quantity” in an affidavit does not prohibit a finding of probable cause.
In the instant case, the term “quantity” was qualified by use of the adjective “large”. We feel that use of the qualifying word “large” supports the magistrate’s finding of probable cause. The confidential informant personally saw the marijuana, and he saw it at the defendant’s residence in the defendant’s presence. These facts support the credibility of the information given by the informant. Deputy Lam-kin attested to the fact that this particular informant had provided prior accurate reports concerning drug trafficking in Grant Parish. This factor supports the credibility of the informant. This information was reported to the magistrate in the affidavit within 48 hours of the informant’s observation and the search warrant was issued (and executed) on the same day that the affidavit was submitted. Additionally, the affidavit recited that the informant saw a “large quantity” of marijuana. This fact, plus the short time sequence involved between the informant’s observation and the issuance (and execution) of the search warrant, indicates a reasonable basis for be *1169 lieving that the same marijuana remained at defendant’s residence.
Given all of these circumstances as set forth in the affidavit before him, the magistrate made a practical, common-sense decision that there was a fair probability that the contraband would still be found at defendant’s residence.
It is our opinion that, under Gates, the trial court had a substantial basis for concluding that probable cause existed upon which to issue a search warrant. The affidavit contained sufficient facts to support both the credibility of the information provided by the informant and the credibility of the informant himself. Thus, not only does the affidavit pass the “totality of the circumstances” test of Gates, but also the two-pronged test of Aguilar-Spinelli.
Because the search warrant was issued based on probable cause, the resulting search and seizure was lawful.
For the reasons assigned above, the trial court’s denial of defendant’s motion to suppress is affirmed.
AFFIRMED.