448 So.2d 150 (1984)
STATE of Louisiana
v.
Linda HOWARD.
No. 83 KA 0866.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied May 4, 1984.
*151 Ossie B. Brown, Dist. Atty. by Richard Chaffin, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
M. Michele Fournet, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
*152 SHORTESS, Judge.
On April 9, 1981, Linda Howard (defendant) was arrested and charged with three counts of a violation of La.R.S. 40:967(A) for possession with intent to distribute controlled dangerous substances as enumerated in Schedule II of La.R.S. 40:964. Defendant pled not guilty. After two mistrials and during jury selection of the third trial, defendant changed her plea and pled guilty to all counts, including Count III, intent to distribute over 400 grams of cocaine.
Subsequently, the guilty plea to Count III was modified by court order after evidence[1] revealed that 400 grams of cocaine was not involved. The charge was reduced to possession with intent to distribute more than 200 but less than 400 grams. Defendant pled guilty to the lesser charge. As to Count III, the trial court sentenced defendant to serve a minimum of ten years at hard labor with the Department of Corrections, to be served without benefit of probation or parole with credit for time served. On Count I, the trial court sentenced defendant to serve ten years with the Department of Corrections, to run concurrently with Count III. As to Count II, the trial court sentenced defendant to serve ten years at hard labor, to run concurrently with Count III. The trial court also sentenced defendant to serve six months for several counts of contempt of court, to run concurrently with the aforesaid drug sentences. Defendant now appeals her convictions and sentences. She has argued and briefed four assignments of error.
FACTS
The East Baton Rouge Parish Sheriff's Office was conducting an undercover investigation of John and Linda Howard's home located at 6408 Teah Drive, Baton Rouge, in April of 1981. Carl Hill, defendant's brother, was staying at the home. Defendant's son by a prior marriage, Mark Taylor, also resided there. On April 9, 1981, Deputy Mary Kuntz was at defendant's residence in the company of Taylor. While there, she simulated smoking a marijuana cigarette which had been given to her by Taylor. She also observed additional marijuana in the house and obtained a sample which was identified positively as marijuana. Deputy Kuntz observed Taylor place a quantity of marijuana, which she estimated to be about one ounce, in a box which he placed in a chest of drawers in his bedroom. While at the house, Kuntz was told by Taylor that a shipment of drugs was to arrive later that day. After she left defendant's residence, Kuntz and her supervisor, Capt. Mike Barnett, swore out an affidavit which was used to obtain a search warrant. The deputies waited approximately seven hours after receiving the warrant to execute it, and they did so at a time when they were certain that defendant had returned home. When the warrant was executed, the deputies found marijuana, cocaine, Quaaludes and several guns.
ASSIGNMENT OF ERROR NUMBER 1 Denial of motion to suppress
In her first assignment of error, defendant alleges that the trial court erred in denying her motion to suppress evidence which was seized pursuant to the alleged invalid search warrant. Defendant argues that the affiants deliberately withheld certain information which in all probability would have caused the court to refuse to issue a warrant. Defendant further contends that the search warrant was merely a subterfuge to allow the deputies to search defendant's residence based on a mere suspicion that quantities of drugs were present, when they knew that the drugs were not present at the time the warrant was issued.
In State v. Patterson, 422 So.2d 1131, 1134 (La.1982), the Louisiana Supreme Court enunciated the general principles that govern this issue as follows:
Constitutional provisions insure a person from unreasonable search and seizure of his house, papers and effects. *153 No such search or seizure shall be made except upon warrant issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. U.S. Const.Amend. IV; La. Const. art. 1, § 5. Conformably, our Code of Criminal Procedure in art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. State v. Mena, 399 So.2d 149 (La.1981). However, if unintentional misstatements are made by the affiants seeking to obtain a search warrant, these misstatements must be excised and the remainder used to determine whether or not the affidavit sets forth probable cause for issuance of a warrant. State v. Rey, 351 So.2d 489 (La.1977). Similarly, when the affiant omits material facts without an intent to deceive, the reviewing court must add the omitted facts to those originally included in the affidavit and re-test the sufficiency of the showing of probable cause. State v. Lehnen, 403 So.2d 683 (La.1981).
Barnett and Kuntz presented an affidavit in support of their request for the search warrant to authorize a search for a quantity of a controlled, dangerous substance, to-wit, marijuana. Specifically, the affidavit stated that:
Affiants inform the Court that on this date, April 9, 1981, Deputy Mary Kuntz while working in an undercover capacity was present at the above location and along with one of the occupants, Mark Taylor, simulated smoking a Marijuana cigarette. Deputy Kuntz also observed other Marijuana present at the residence and was able to secure a sample. Said sample was identified by Deputy Kuntz and Captain Barnett as Marijuana.
Affiants further inform the Court that information has been received over the past six months from other reliable and confidential informants, as well as other police officers who had been inside the above residence, that 6408 Teah Drive, is being used as a place from which Quaaludes, Marijuana and Cocaine are distributed.
The warrant was issued at approximately 4:00 p.m. on April 9, 1981. The warrant was executed at approximately 11:00 p.m. that night, and the following drugs and contraband were found:
1) Approximately fifty (50) pounds of suspected Marijuana.
2) Approximately one (1) pound of suspected Cocaine.
3) 35,000 suspected Methaqualone tablets (Quaaludes).
4) Smith & Wesson revolver, model 36, serial #J757740 with 2 fired Cartridge and 3 live rounds.
5) Charter Arms Undercover revolver serial # 635754 with 4 live rounds and 1 fired.
6) Sawed off double barrel shotgun serial # B0772 with 2 rounds of # 4 buck.
Defendant argues that the warrant was defective because it was issued without probable cause and the reliability of the informants was not established as required.
In State v. Brannon, 414 So.2d 335, 337 (La.1982), the Supreme Court stated:
An affidavit supporting a search warrant is presumed to be valid. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
In State v. Duncan, 420 So.2d 1105, 1108 (La.1982), the Supreme Court enunciated the general principle that:

*154 An allegation of past reliability is not necessarily a sine qua non to sufficiency of probable cause as long as a common sense reading of the affidavit supports the conclusion that the informant is credible and his information is reliable. State v. Clay, 408 So.2d 1295 (La.1982).
The affiants were not confidential informants but law enforcement officers. The recitation in the first paragraph of the affidavit was Kuntz' personal observation.
Defendant also attacks the affidavit for its failure to state the quantity of marijuana that was present. She cites State v. Boneventure, 374 So.2d 1238 (La.1979), as authority for the proposition that a reason or belief that contraband or evidence will not be disposed of but will remain at the place to be searched at the time of the proposed search as a necessary element which must be included within the general concept of probable cause.
The Boneventure, 374 So.2d at 1239-1240, rationale is inapposite to the facts here. In Boneventure, the entire quantity of marijuana was offered for immediate consumption. Here, Deputy Kuntz and Taylor consumed one or two marijuana cigarettes, but Kuntz saw Taylor place approximately one ounce of marijuana in his chest of drawers. Her statement that she "observed other marijuana in the house" was a valid one.
The deputies candidly admitted that they waited until they knew that defendant's car had returned and was in the driveway before they executed the warrant because they had a dual purpose. They wanted to seize the marijuana that Kuntz had observed and facilitate the seizure of any incoming contraband that might be present. While Taylor had told Kuntz that more drugs were arriving some time that day, Kuntz and Barnett did not use that information to obtain the warrant. Although we would have preferred to have had this additional disclosure, we note that defendant has shown no prejudice because of the failure to communicate the omitted information. We find that probable cause existed without the omitted facts but had it been tendered it would have bolstered and substantiated the trial court's probable cause determination. Our finding is based upon our construction of the affidavit in a common sense and nontechnical manner. State v. Lehnen, 403 So.2d 683 (La.1981). Defendant failed to produce any evidence to show that the omissions were willful and calculated to conceal information that would indicate that there was not probable cause or that the source of other factual information was tainted. Accordingly, the omission would not change the good warrant into a bad one. State v. Roubique, 421 So.2d 859 (La.1982).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2 Denial of motion to enforce plea bargain agreement
Defendant alleges that the trial court erred when it denied her motion to enforce a plea bargain agreement which she entered into with Capt. Mike Barnett of the East Baton Rouge Sheriff's Office. The State denies the existence of any agreement between it and defendant and further contends that defendant knew that the District Attorney's office would not engage in any plea bargain agreements. The facts indicate that defendant, independent of her counsel, initially approached Capt. Barnett seeking favorable consideration in return for information about drug dealers. Specifically, she sought a maximum ten-year exposure on her drug charges and favorable consideration for her husband and brother. Barnett was very interested and indicated to her that something could be worked out if she were to actually assist him in making cases against dealers as big or bigger than she was.
Defendant kept her end of the bargain. As a result of her assistance, several big drug arrests were made. Even the State concedes that defendant did provide some assistance to the Sheriff's Office. Notwithstanding this aid, Barnett was unable to obtain the D.A.'s concurrence in the arrangement he made. In fact, the D.A.'s *155 office throughout these proceedings stoutly maintained that it made no deal and would make no deal. Apparently, the reason for this strong position was because defendant never supplied the name of her Baton Rouge cash connection or the name of her Florida drug source. The Louisiana Supreme Court in State v. Tanner, 425 So.2d 760, 762 (La.1983), said that "[t]he district attorney determines whom, when and how he shall prosecute in his district." La.C.Cr.P. art. 61. See also La. Const. of 1974, art. V, § 26(B).
In addition, the Legislative mandate as set forth in La.C.Cr.P. art. 558 provides:
The defendant, with the consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged in the indictment.
The district attorney is the only official vested in law to engage in plea bargains. In this case, he refused to do so. It was his prerogative and his alone, and this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 3 sentencing procedure
Defendant maintains that the trial judge erred when he denied her motion to close the sentencing hearing so she could testify regarding her assistance to the Sheriff's Office in an attempt to obtain a reduced sentence under La.R.S. 40:967(G)(2).[2] Defendant sought a closed hearing because she said that the information, if made public, could result in physical harm to her.
Defendant has failed to show prejudice as a result of the court's denial of her motion. Our review of the record indicates that evidence was in fact presented regarding her assistance and that the trial judge noted this fact when he imposed sentence. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 7[3]excessive sentence
Defendant contends that her sentence was excessive because the trial judge did not reduce it as provided for in La.R.S. 40:967(G)(2).[4] Of course, wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits. In the absence of manifest abuse, his sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La. App. 1st Cir.1983).
Here, the trial court specifically noted the defendant's assistance to the Sheriff's Office and said that this was a consideration in imposing the minimum mandatory sentence. The three sentences imposed were to run concurrently. We have considered the trial judge's reasons, and the sentences imposed were not an abuse of his discretion. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The evidence at the trial of defendant's co-defendants, i.e., her husband, John Howard, and her brother, Carl Hall, showed that a quantitative evaluation made by the Louisiana State Police Crime Lab found less than 400 grams of cocaine was seized from defendant's house.
[2] La.R.S. 40:967(G)(2) provides that a defendant may qualify for reduction or suspension of a sentence when he provides substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted or to related crimes.
[3] Eight errors were originally assigned. Only four were argued and briefed. The others are considered abandoned under Rule 2-12.4 of the Uniform Rules of the Court of Appeal. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
[4] In addition, the trial court may reduce or suspend a sentence in compliance with La.R.S. 40:967(G)(2) on its motion. State v. LeCompte, 406 So.2d 1300 (La.1981).