EDWARDS, Judge.
Acting on information supplied by a confidential informant, Captain Barnett of the East Baton Rouge Parish Sheriff’s Office, on June 22, 1981, obtained and executed a warrant to search Wilburn Fleniken’s home for “a quantity of controlled dangerous substance to-wit: Marijuana and Cocaine.” The search resulted in the seizure of half an ounce of cocaine and eleven quaalude tablets. Fleniken was subsequently arrested and charged with possession with intent to distribute cocaine and methaqualone.[1]
Fleniken filed a motion to suppress the seized evidence and a motion to disclose the identity of the confidential informant, both of which the trial court denied. Reserving his right to appeal those denials,[2] Fleniken pleaded guilty to amended charges of one count each of simple possession of cocaine and methaqualone.[3] He was given a suspended- sentence of five years imprisonment at hard labor on each count and placed on three years supervised probation subject to several probationary conditions.
On appeal, defendant assigns two errors to the trial court’s denial of his two pretrial motions:
(1) The trial court erred by failing to order disclosure of the identity of the *1344 individual alleged by law enforcement officers to have been an informant.
(2) The trial court erred by failing to suppress evidence seized on the premises of the defendant as the application for search warrant was defective.
Because we find merit to one of defendant’s arguments in his second assignment of error, that the warrant’s supporting affidavit failed to establish probable cause, we need not decide whether the trial court should have ordered disclosure of the informant’s identity.
The affidavit in question reads:
Affiant informs the court that on or about June 21, 1981, a confidential informant was searched by affiant found to be free of any controlled dangerous substances and taken to 3462 Acadian Thruway where he, being said informant, was kept under surveillance until he entered said residence.
Affiant further informs the court that affiant then kept the above residence under surveillance until said informant exited the residence and turned over to affiant a quantity of green vegetable material which affiant identified as Marijuana.
Affiant further informs the court that Morris Fleniken is well-known to affiant and information has been received from other confidential and reliable informants that Morris Fleniken is a 'dealer in Cocaine and Marijuana.
Affiant further informs the court that a check with Gulf States Utilities shows service at the above residence, 3462 Aca-dian Thruway, to be in the name of Morris Fleniken.
We agree with defendant that this affidavit does not provide sufficient factual details from which a neutral and detached magistrate could determine whether the hearsay information provided by the informants was reliable, or whether any contraband would be found on the premises at the time of the search.
Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the Aguilar-Spinelli “two-prong test”[4] in favor of a “totality of the circumstances” approach in reviewing search warrant affidavits. Under the new approach,
the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of the crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding]” that probable cause existed.
Gates, 462 U.S. at_, 103 S.Ct. at 2332 (citations omitted). However, Gates has not dispensed with the requirement that search warrant affidavits contain some factual indicia of probable cause. A commonsense, nontechnical reading of the affidavit in this case does not reveal a substantial basis for concluding that any narcotics would be found at Fleniken’s residence on the day the search was executed.
First, the affidavit does not state that the confidential informant mentioned in paragraph one observed any other drugs in Fleniken’s home other than the quantity of Marijuana he “purchased” on or about June 21.[5] Nor does the affidavit contain any descriptions of independent corroboration of Fleniken’s alleged drug dealings, such as direct observation or police surveil *1345 lance of continuous illegal activity, which would indicate a likelihood that narcotics would be present at Fleniken’s home on the 22nd.
An affidavit which recites credible facts showing merely that a small amount of marijuana was taken from a particular place within the previous forty-eight hours does not, without more, establish probable cause to believe that other marijuana was located there at the time the warrant was to be issued. See State v. Cann, 392 So.2d 381 (La.1981) (Dennis, J., concurring); State v. Lewis, 385 So.2d 226 (La.1980); State v. Boneventure, 374 So.2d 1238 (La.1979); cf. State v. Howard, 448 So.2d 713 (La.App. 1st Cir.1984) (direct undercover police observation of additional marijuana within eight hours of the warrant’s execution sufficient to establish probable cause).
Second, the affidavit does not establish the reliability of the informant beyond his involvement in the purchase on June 21. According to State v. Tassin, 343 So.2d 681, 690 (La.1977) (on rehearing),
the reliability and veracity of an anonymous informer is not, in our opinion, pertinently reflected by his willingness to buy illegal drugs under the surveillance of a police officer for whom he works. The ability to traffic in illegal narcotics, under the immediate surveillance of a directing police officer, does not appear to be related to the informer’s uncoerced probable truthfulness in securing outside of that officer’s presence other information for the latter’s use. (footnotes omitted).
In fact, Captain Barnett admitted he had no prior dealings with the informant before the transaction in question.
And finally, the affidavit does not provide any factual basis for crediting the information in paragraph three that Fleniken is a dealer in cocaine and marijuana. The statement that information is supplied by “other confidential and reliable informants” does not by itself establish the reliability of either the information or the informants. Unsubstantiated claims about a person’s reputation for criminal activity are not entitled to any weight in the magistrate’s determination of probable cause. State v. Tassin, 343 So.2d 681; State v. Cann, 392 So.2d 381, 384 (La.1981) (Dennis, J., concurring).
The purpose and philosophy behind our constitutional and statutory requirement[6] that search warrants issue only upon an affidavit reciting facts establishing probable cause have never been better expressed than in Johnson v. United States, 333 U.S. 10, 13-14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440 (1948), where Justice Jackson said more than thirty years ago,
The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.
Accordingly, the motion to suppress should have been granted because the search warrant affidavit does not contain sufficient trustworthy hearsay information, or sufficient independent police corroboration, or an adequate combination of both, to establish probable cause for a search.
For the foregoing reasons, defendant’s conviction and sentence are reversed and the case is remanded for proceedings consistent with the opinions expressed herein.
REVERSED AND REMANDED.

. LSA-R.S. 40:967 A.

. State v. Crosby, 338 So.2d 584 (La.1976).

.LSA-R.S. 40:967 C(2).

. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), had required search warrant affidavits to establish both the veracity of the informant and the basis of his knowledge to support a finding of probable cause.

. At the suppression hearing. Captain Barnett refused to disclose .any information surrounding the transaction, ostensibly to protect the informant’s identity, except to say that the informant “procured” less than three ounces of Marijuana within 48 hours of the date the warrant was executed. Standard police procedure, however, indicates that this was a controlled drug purchase.

. U.S. Const.Amend. IV; LSA-Const.Art. I, sec. 5; LSA-C.Cr.P. art. 162.'