LOTTINGER, Judge.
Louis Johnson was charged by bill of information on January 20, 1983, with possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A)(1). Defendant originally pled not guilty, but changed his plea to guilty as charged after the trial court denied his motion to suppress. He reserved the right to appeal the trial court’s denial of his motion to suppress. The trial court sentenced defendant to be committed to the Department of Corrections for three years, with the last two years suspended. The defendant was also sentenced to pay a $1000.00 fine and placed on active and supervised probation for three years.
Defendant appeals the trial court’s denial of his motion to suppress, alleging the trial court erred in ruling:
1. that the search warrant was valid even though the original affidavit was not signed by the affiant;
2. that the affidavit supporting the search warrant established probable cause for the warrant by legally and constitutionally demonstrating in the affidavit the reliability of the confidential informant and his information; and
3. that there was probable cause to believe that the alleged contraband would be at the location to be searched at the time of the search.
Defendant also alleges a fourth assignment of error in his brief, but as this was not perfected in the record and is raised for the first time in defendant’s brief, it cannot be considered on appeal. La.Code Crim.P. art. 920.
FACTS
Defendant was arrested on August 27, 1982, after a search of the mobile home in which he resided revealed a quantity of marijuana. He was subsequently charged with possession of marijuana with intent to distribute.
A search warrant had been obtained by Trooper William B. Stewart prior to the search and was shown to defendant. At a hearing on the motion to suppress, held on November 8, 1983, the following stipulations were entered in the record:
(1) Trooper Stewart showed defendant the “3rd Copy of Search Warrant” at the *22 time of the search. This copy is not dated nor signed by the judge, but is signed by the trooper.
(2) Trooper Stewart, if called to testify, would have testified that he had the original search warrant in his possession, but did not show it to defendant. Defendant did not ask to see the original, but if he had, Stewart would have produced it.
(3) The original search warrant was signed and dated by the judge.
(4) The original affidavit in support of the search warrant was not signed by anyone as affiant. Trooper Stewart would have testified that he swore to the affidavit and did sign a copy before Judge Dufreche, who issued the search warrant.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion to suppress the evidence seized in the search of his home. Defendant alleges that the failure of Trooper Stewart to sign the original affidavit renders the search warrant and subsequent search illegal.
Although Trooper Stewart did not sign the original affidavit, it was stipulated at the hearing on the motion to suppress that if the trooper was called to testify, he would testify that he swore to the affidavit in front of the issuing judge, and that he did sign a copy of the original.
In addition, the warrant itself and the stipulations at the motion to suppress establish that Trooper Stewart was sufficiently identified in the affidavit as the affiant, that the affidavit was sworn to by Trooper Stewart to the issuing judge, and that Trooper Stewart attested under oath to the facts recited in the affidavit. Under these circumstances, the affiant’s unintentional failure to sign the original affidavit has no bearing on the validity of the search warrant. State v. Roubion, 378 So.2d 411 (La.1979).
ASSIGNMENTS OF ERROR NOS. 2 AND 3
In these assignments of error, defendant attacks the affidavit supporting the search warrant, alleging that it failed to demonstrate the reliability of the confidential informant and his information, and that it failed to establish probable cause.
Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the Aguilar-Spinelli “two-pronged test” [1] in favor of a “totality of the circumstances” approach in reviewing search warrant affidavits. Under the new approach, “the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” Gates, 462 U.S. at -, 103 S.Ct. at 2332 (citations omitted). However, Gates has not dispensed with the requirement that search warrant affidavits contain some factual indicia of probable cause. It is our opinion that, under Gates, the trial court had a substantial basis for concluding that probable cause existed to believe that marijuana would be found in defendant’s mobile home.
The basis for probable cause in the affidavit reads, in pertinent part, as follows:
Paragraph 1) A proven reliable and confidential informant has told Affiant that said informant has been within the above mentioned residence within the past (72) hours and has seen a substance known to the said informant as marijuana.
Paragraph 2) The same proven reliable and confidential informant mentioned in paragraph one is familliar [sic] with the phys *23 ical characteristics as well as the unusal [sic] odor of burning marijuana.
Paragraph 3) The confidential informant mentioned in paragraphs one and two above has been proven reliable by providing Affiant with narcotics related information which through independent investigation has been proven true and correct.
As can be seen, the informant, familiar with the physical characteristics and odor of marijuana, claimed to have personally observed marijuana at defendant’s residence. In addition, the reliability of the informant and his information was established in the third paragraph of the affidavit by relating past reliance on the informant and his information, which had been established as accurate. Based on this, we conclude that the trial court had a substantial basis for concluding that probable cause existed, and that the test enunciated in Gates has been met.
Defendant strenuously urges that the cases of State v. Lewis, 385 So.2d 226 (La.1980) and State v. Boneventure, 374 So.2d 1238 (La.1979) are controlling on the present case. His argument is that the information in the affidavit was stale at the date of issuance of the warrant, and that such information did not establish probable cause to believe that the marijuana would still be present at the time the warrant was to be executed. We find these cases to be factually distinguishable from the present.
In Boneventure, the entire quantity of the marijuana observed by the informant was “offered for consumption” to the informant. In addition, the police waited two days before executing the warrant. The combination of these two factors led the court to conclude that there was no reasonable belief that the marijuana mentioned in the affidavit would still be in the place searched. In Lewis, the marijuana was seen by the informant as much as ten days before the warrant was executed. Also, as in Boneventure, the marijuana mentioned in the affidavit was offered to the informant “as marijuana to smoke.” Because of these two factors, the court relied on Boneventure and held that probable cause did not exist.
In the present case, the entire quantity of the marijuana observed by the informant was not offered to the informant for consumption as in both Boneventure and Lewis, Although there was a lapse of a period of time before the informant provided Trooper Stewart with the information, the fact that the marijuana was not offered to the informant for consumption distinguishes the present case from Boneven-ture and Lewis.
The affidavit in State v. Feeback, 414 So.2d 1229 (La.1982), which was found to establish probable cause, was very similar to that in the present case. The affidavit in Feeback, like the affidavit in the present case, established the reliability of the informant and his information. In addition, the affidavit provided that the informant had observed marijuana and another drug in the defendant’s residence within the past 72 hours. The affidavit did not provide the amount of marijuana observed, nor did it provide that the marijuana was offered to the informant. The court upheld the affidavit as establishing probable cause under the old Anguilar-Spinelli “two pronged test.” We see no reason not to do the same under the more relaxed Gates standard. As such, we affirm the trial court’s finding of probable cause.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).