hLANDRIEU, Judge.
On the afternoon of July 24, 1987, New Orleans police officers executed a search warrant for 3924 Thalia Street. Inside, they *16 found Clarence Brumfield standing in one of the rooms eating a sandwich. No drugs were found in plain view in the house, but Leo Stewart arrived at the house shortly after the police had entered the house and told the officers that he was the one for whom they were looking. He reached in his pocket and gave the officers three bundles of heroin, each bundle containing twenty-five tin foil packets. Stewart also directed the officers to a closet where cocaine, more heroin, and more currency were found.[1] In addition, the officers found a large amount of currency on Stewart and a search of the house revealed a gun as well as papers indicating that Stewart lived at that address.
Stewart and Brumfield were indicted in September 1987 for possession with intent to distribute heroin in violation of La.Rev.Stat. Ann. 40:966 (West 1992). The defendants pleaded not guilty and motions were filed for severance Rand to suppress the evidence and Stewart’s statement to the police. The motions were denied and on December 16,1987, Stewart elected to be tried by a jury and Brumfield chose to be tried by the trial judge.
At trial, Stewart admitted to possession of the heroin, as well as to prior convictions for distribution of heroin and armed robbery. He maintained, however, that the seventy-nine packets of heroin and the cocaine seized in this instance were for his personal use and denied an intention to distribute. In addition, Stewart testified that Brumfield was not in the house to use or to help him sell the drugs.
New Orleans Police Officer Michael Glas-ser, who was qualified as an expert in the packaging and distribution of controlled dangerous substances, testified heroin was packaged in individual dosages in small amounts of tin foil for easy distribution.
A twelve member jury found the defendant guilty as charged while the trial judge found co-defendant Brumfield not guilty. On December 30,1987, the trial judge denied Stewart’s motion for a new trial and sentenced him to life imprisonment at hard labor without benefit of probation or suspension of sentence. On that same date, the trial court granted defendant’s motion for appeal. This Court affirmed Stewart’s conviction and sentence in an unpublished errors patent appeal. State v. Leo Stewart, 88-KA-1960, 547 So.2d 1148 (La.App. 4th Cir. August 24, 1989). In November 1991, Stewart was granted this out of time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
Stewart raises two assignments of error on appeal. First, he contends that the trial court erred in denying his motion to suppress the evidence as the delay between the issuance and execution of the search warrant made it unreasonable to believe that contraband would still be on the premises at the time of execution of the warrant.
| {¡Search warrants are issued only upon probable cause established to the satisfaction of the judge, by affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant. La.Code Crim.Proc.Ann. art. 162 (West 1991). Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Lewis, 385 So.2d 226, 229 (La.1980) (citation omitted) (emphasis added). Clearly, the validity of a search warrant can be affected by the passage of time and necessarily included within the general concept of probable cause is a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at the time of the proposed search. Id. (citation omitted). Accordingly, statutory and constitutional limitations are imposed upon the time when a search warrant may be executed. See La.Code Crim.Proc.Ann. art. 163 (West 1991) (search warrant cannot be lawfully executed after the expiration of the tenth day after its issuance); and State v. Bruno, 427 So.2d 1174, 1177 (La.1983) (irre- *17 speetive of compliance with Article 163, a delay in the execution of a warrant may be constitutionally impermissible under the Fourth Amendment and La. Const, art. 1, § 5) (citations omitted). The passage of a few days between the observation of probable criminal activity and the execution of a search warrant does not necessarily invalidate a warrant; rather, the determining factor is whether the probable cause recited in the affidavit continues until the time of execution of the warrant. Bruno, 427 So.2d at 1177; see also State v. Tate, 407 So.2d 1133, 1137 (La.1981) (staleness is not an issue unless time passage makes it doubtful that the object sought in the warrant will still be in the place where it was observed).
|4In the instant case, a search warrant for 3924 Thalia Street was obtained on July 16, 1987, and executed within the statutory time limit on July 24, 1987. Officer Jeffrey Robertson testified in the affidavit submitted in support of the application for the search warrant that on July 14, 1987, he had been informed by a reliable and trustworthy confidential informant that a black male known as “Crippled Leo” was engaged in the retail distribution of heroin from the above address. The confidential informant’s knowledge was from personal experience as he had purchased heroin from “Crippled Leo”. In order to confirm the veracity of the information, Officer Robertson arranged for a controlled purchase to be made by the confidential informant. The informant and Officer Robertson drove to the area in question. The informant exited the vehicle and went to 3924 Thalia Street. He knocked on the door and was greeted by a black male occupant. The black male accepted the currency from the informant and gave the informant a tin foil packet containing a white powder substance. The informant returned to Officer Robertson’s vehicle and turned the packet over to Officer Robertson. The substance was later determined to be heroin. The black male occupant was identified by the informant as “Crippled Leo”. These facts indicate that the defendant was involved in on-going retail sale of heroin from the premises in question and are sufficient to warrant a man of reasonable caution to believe that heroin would be found on the premises eight days after the issuance of the warrant. Accordingly, the trial court did not err in denying the defendant’s motion to suppress the evidence. This assignment of error is without merit.
Next, Stewart contends that the jury instruction given by the trial court defining reasonable doubt was the same charge found unconstitutional in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). A review of the record indicates that defendant did not object to the instruction given by |sthe trial court. The failure to object to the jury instruction precludes appellate review of this issue. State v. Berniard, 625 So.2d 217, 220 (La.App. 4th Cir. 1993) (on rehearing en bane). Accordingly, review of this assignment of error is precluded.

Errors Patent Review

A review of the record reveals that the minute entry of sentencing does not reflect that the appellant waived his right to a twenty-four hour delay between the denial of his motion for new trial and his sentencing. La.Code Crim.Proc.Ann. art. 873 (West 1991). A failure to waive the twenty-four hour delay voids the defendant’s sentence if the defendant attacks his sentence, even where the defendant fails to specifically allege this failure as an error on appeal. State v. Augustine, 555 So.2d 1331, 1334 (La.1990). However, the failure to observe the delay is deemed harmless error where the defendant did not challenge his sentence on appeal. State v. Collins, 584 So.2d 356, 359 (La.App. 4th Cir.1991). In this case no error is raised as to the defendant’s sentence and, accordingly, the failure of the trial court to observe the delay period is harmless error.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In addition, Stewart gave a statement to the police which was read to the jurors but which is not included in the record before this court.