396 So.2d 1298 (1981)
STATE of Louisiana
v.
Clyde B. PROVO
No. 80-KA-2035.
Supreme Court of Louisiana.
April 6, 1981.
*1299 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., Houston C. Gascon, III, Jack Marionneaux, Asst. Dist. Attys., counsel for plaintiff-appellee.
John E. Bride, and C. Jerome D'Aquila, New Roads, of Indigent Defender Office, counsel for defendant-appellant.
BOUTALL, Justice ad hoc.[1]
Clyde Provo was convicted of the crime of simple burglary in violation of LRS 14:62 and was sentenced to serve nine years imprisonment with the Department of Corrections. He appeals giving two assignments of error, each having to do with the admissibility of statements made by other alleged participants in the crime.
The general facts are that on January 11, 1980, at some time between 8:00 A.M. and 12 noon, the residence of T. N. Patin in the City of Plaquemine was forceably burglarized and a number of his possessions were stolen, including those most relevant to this trial, a color television set, a shot gun and a Safari lantern. The burglary was alleged to have been done by the defendant, Clyde B. Provo in concert with Ernest Mitchell and Roy McKnight pursuant to a plan to steal some readily salable object and obtain some money. At trial the State called Ernest Mitchell, who testified that he and the defendant, Clyde Provo and a third man, Roy McKnight were riding around in Mitchell's car when suddenly McKnight told Mitchell to let him and Provo out in front of a certain house on Millie Street. McKnight told Mitchell to drive around the block to return to pick them up. When Mitchell returned some five minutes later, he saw the stolen objects in the driveway of the premises and Provo directed him to back the car into the driveway in order that the objects may be loaded into Mitchell's car.
The three men loaded the articles into the car and then immediately drove to the house of an acquaintance named "Goose" whom they thought to be a customer to purchase the television set. During the course of these negotiations, Mitchell made certain statements which were objected to by defense counsel and formed the basis of the first assignment of error. Unable to sell the television set to "Goose" they were referred to Paul Nelson and turned over the set to him for sale. Several days later the police investigation turned up information which led to the issuance of search warrants for the residences of these three men, leading to the arrest of defendant Clyde Provo on January 28, 1980. His trial and conviction followed.
The first assignment of error is directed to hearsay testimony given by Ernest Mitchell when testifying as a state witness concerning statements allegedly made by Roy McKnight to the prospective purchaser of the television set, "Goose" shortly after the victim's house had been broken into and the set taken. Mitchell testified that after the three men had loaded the stolen articles into the back of his car they went directly to "Goose's" house and Roy McKnight asked "Goose" if he wanted a television set. The importance of this statement is to help show that both Provo and McKnight had knowledge of and participated in the plan to steal such a set and sell it to "Goose". It is the contention of both McKnight and Provo that Mitchell had the television in the trunk of his car, and they knew nothing about it, simply going for a ride with Mitchell.
The State concedes that this testimony constitutes hearsay which is generally inadmissible under LRS 15:434, but argues that this particular statement falls within the res gestae exception, LRS 15:447, which reads:

*1300 "Res Gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
The defense argues that McKnight's statement to "Goose" did not arise from the immediate pressure of the crime, that the five to ten minute interval between the actual fact of burglary and the offer to sell the television removes that offer from the res gestae.
LRS 15:448 further defines res gestae as follows:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
The definition of "concomitant" found in Webster's Third New International Dictionary reads "accompanying or attending esp. in a subordinate or incidental way." We point out that the crime of burglary is not simply the unauthorized entering of the dwelling, but must also demonstrate an intent to commit a felony or any theft therein. The evidence shows that this burglary and theft was perpetrated for the purpose of obtaining a television set which could be sold immediately, and that the perpetrators in concert and together loaded the set in an automobile and drove without stopping or separating in any way to attempt to sell it. The definition thus precisely defines the relationship which the offer to sell the television bears to the burglary, and accordingly the testimony falls with the definition of res gestae. The statement was properly admitted.
At the same time we also point out that the statement made falls within the statutory exception to the hearsay rule provided in LRS 15:455:
"Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefendant. But to have this effect a prima facie case of conspiracy must have been established."
In State v. Dupree, 377 So.2d 328, 330 (La.1979), this court observed:
"Before a co-conspirator's declaration may be introduced under this exception, a prima facie case of conspiracy must have been established and it must be shown that the declaration was made in furtherance of the common enterprise and during its continuation."
At the time of the objection the State had established a prima facie case of conspiracy through Mitchell's testimony. According to him, the three had decided to raise some money and went through with the burglary and subsequent attempts to dispose of the stolen property. The facts testified to by Mitchell show a conspiracy as defined by LRS 14:26, and the subsequent evidence of other witnesses and the disposition of the stolen property reinforces that testimony.
The second assignment of error pertains to the trial court allowing detective Edward N. Engolia, Jr. of the Iberville Sheriff's office to give a summary of an oral statement made by Roy McKnight after his arrest on February 9, 1980. The statement was objected to on the ground that it was hearsay evidence, and no prima facie case of conspiracy had been established to permit its introduction as an exception thereto. This same basis of objection is argued to us on appeal.
As we noted in our ruling on the previous assignment of error, a prima facie case of evidence had been established at the time of the introduction of a prior statement during the testimony of Mitchell. After introduction of that statement several other witnesses had testified reinforcing the testimony of Mitchell, and the existence of a conspiracy and concert of action is even more *1301 firmly established. Accordingly, we conclude that the trial judge was correct in his ruling upon the basis of the objection.
Assuming, but not deciding, that some other ground of objection to the introduction of the statement may exist, we feel no need to reach other issues which were neither raised in objection at trial nor argued in brief before us. We refer to the rule set out in Code of Criminal Procedure 841 as follows:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
This court has frequently stated that the defendant must state the basis for his objection when he makes it, so that the trial judge has the opportunity to rule on it and prevent an error or cure an error. State v. Dupar, 353 So.2d 272 (La.1977). When objecting, counsel must point out to the trial court the specific error which the court is making. State v. Powell, 325 So.2d 791, 794 (La.1976). Had a valid objection been made at trial, the court would have had an opportunity to consider the matter and thus have an opportunity either to not make the error or correct it. Similarly, we would have had some basis in the record for a consideration as to the effect of the ruling upon the defendant's rights. Accordingly, in this case, we restrict our ruling to the issue as presented to us.
For the reasons expressed, the conviction and sentence are affirmed.
SCHOTT, Justice ad hoc, concurs in the result.
CALOGERO, J., dissents and assigns reasons.
NOTES
[1] Judges Gulotta, Boutall and Schott of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon, Justices Calogero, Dennis and Watson.