414 So.2d 1229 (1982)
STATE of Louisiana
v.
Frank Charles FEEBACK.
No. 81-KA-2549.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*1231 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
Thomas W. Davenport, Jr., of Davenport, Files, Kelly & Marsh, Monroe, for defendant-appellant.
MARCUS, Justice[*].
Frank Charles Feeback was charged in the same information in separate counts with: (1) distribution of methaqualone on December 22, 1979; (2) distribution of methamphetamine on December 22, 1979; (3) distribution of methamphetamine on January 8, 1980; (4) distribution of marijuana on January 8, 1980; and (5) possession of marijuana with intent to distribute on March 28, 1980.[1] After trial by jury, defendant was found guilty as charged on counts (1) through (4) but guilty of only possession of marijuana on count (5). Subsequently, defendant was sentenced.[2] On appeal, defendant relies on fifteen assignments *1232 of error for reversal of his convictions and sentences.[3]

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in denying his motion to release seized property and motion to suppress on the ground that certain items were not subject to seizure. He argues that the items were not contraband; therefore, they were irrelevant to this prosecution.
During the search of defendant's residence, pursuant to a search warrant, officers seized a number of items. Defendant filed a motion to release some of the seized property. The state agreed to return many of the items. As to the remaining ones, defendant's motion was denied after a hearing. Subsequently, defendant filed a motion to suppress the items not released. This motion was likewise denied. On defendant's application to this court, we ordered the cash seized returned to defendant; otherwise, the application was denied.[4] The contested items, consisting of a briefcase, various papers, cigarette rolling papers, gloves, address books, a radio scanner, telephone answering device, tape recorder, defendant's driver's license, a teargas canister, slapper (billy club) and other miscellaneous items, were introduced in evidence at trial.
La.Code Crim.P. art. 161 provides in pertinent part:
A judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court which:
....
(3) May constitute evidence tending to prove the commission of an offense.
La.Code Crim.P. art. 165 provides:
While in the course of executing a search warrant, a peace officer may make photographs, lift fingerprints, seize things whether or not described in the warrant that may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties.
Relevancy and admissibility at trial is not the test governing the seizure of things by an officer while executing a search warrant. Rather, the standard is whether the items tend to prove the commission of any offense.
In the instant case, the items in question clearly tend to prove the commission of the charged offenses. Defendant had been seen with the briefcase and gloves when he sold methamphetamine and marijuana to an undercover narcotics officer. Moreover, the briefcase contained marijuana at the time it was seized. The other items tend to show defendant's intent to distribute and/or his dominion and control over the drugs seized from his residence. They are also consistent with the type of things possessed by a drug dealer.
Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion to quash and motion for severance grounded on the claim that the offenses were improperly joined in the same information. He argues that he was prejudiced by the joinder thereof.
Two or more offenses may be charged in the same information in a separate count for each offense under La.Code Crim.P. art. 493 if the offenses charged
are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
*1233 In the instant case, the offenses charged, four counts of distribution and one count of possession with intent to distribute, are of the same or similar character. Moreover, since the punishment for each offense is necessarily confinement at hard labor, the mode of trial (jury composed of twelve jurors, ten of whom must concur to render a verdict) is the same. La.Code Crim.P. art. 782. Hence, the offenses were properly joined in the same information. La.Code Crim.P. art. 493.
When an accused has been charged in the same information with two or more offenses pursuant to art. 493, he may apply for severance of offenses under La.Code Crim.P. art. 495.1, which provides:
If it appears that a defendant or the state is prejudiced by a joinder or offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
In the instant case, the four distribution charges occurred at the same location on two occasions about two weeks apart. The possession with intent to distribute charge occurred later when law enforcement officers searched defendant's residence pursuant to a search warrant. Evidence concerning the prior distributions would have been admissible to prove intent to distribute the marijuana. State v. Prieur, 277 So.2d 126 (La.1973). Additionally, the evidence for each crime was simple and distinct and was carefully presented to the jury by the state according to the dates on which the offenses occurred. Also, the trial judge instructed the jury on the law applicable to each charge. Accordingly, we conclude that the jury could compartmentalize the evidence and apply the law intelligently to each offense. Clearly, defendant was not prejudiced by the joinder of the offenses.
Defendant further contends that the joinder of the offenses prevented him from testifying about an alibi to the two counts of distribution occurring on December 22, 1979, because he would have been subject to cross-examination upon the whole case. La. R.S. 15:280. Severance is not required simply because a defendant indicates that he wishes to testify on some counts but not on the others. Alvarez v. Wainwright, 607 F.2d 683 (5th Cir. 1979). Moreover, defendant presented his alibi defense to the two counts of distribution occurring on December 22, 1979 through the testimony of five witnesses.
In sum, the trial judge did not abuse his discretion in denying defendant's motions seeking a severance of the offenses. Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in denying his motion to suppress evidence seized pursuant to a search warrant. He argues that the affidavit supporting the issuance of the warrant did not recite sufficient facts to establish probable cause. He further argues that the warrant was improperly executed because two officers from a nearby town assisted in the search.
The affidavit recites that, within 72 hours, a confidential informant, who had furnished information in the past resulting in four arrests and two convictions for drug violations, advised affiant that he had just left defendant's residence where defendant had marijuana and methamphetamine in his possession. The affidavit further recited that defendant had previously distributed methamphetamine to an undercover narcotics officer.
The reliability of the informant and his information is demonstrated in the affidavit. Hence, it satisfied the "two-pronged test" set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in determining if an affidavit based on hearsay has established probable cause for the issuance of a search warrant. U.S.Const. Amend. IV; La.Const. art. 1, § 5; La.Code Crim.P. art. 162.
Defendant further contends that the warrant was improperly executed because two Monroe city police officers aided in the search of defendant's residence in West *1234 Monroe. Detectives Pat Stewart and Graham Gardner of the Monroe City Police Department aided two state troopers, two Ouachita Parish sheriff's deputies and one West Monroe detective in searching defendant's residence.
La.Code Crim.P. art. 164 provides that a peace officer may use such means and force as are authorized for arrest in order to execute a search warrant. La.Code Crim.P. art. 219 provides that a peace officer making a lawful arrest may call upon as many persons as he considers necessary to aid him in making the arrest. The testimony at the suppression hearing is clear that the two Monroe city police officers merely aided in the search. Hence, defendant's contention is without substance.
In sum, the trial judge did not err in denying the motion to suppress. Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in allowing the state to call a witness in rebuttal to his alibi defense on the ground that the state had not timely notified him of its intention to call the witness.
La.Code Crim.P. art. 727[5] sets forth the requirements for notice of alibi. Subsection (D) provides that, upon the failure to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness. However, subsection (E) permits the court to grant an exception to any of the requirements for good cause shown.
In the instant case, the state requested, on February 26, 1981, that defendant notify it as to whether he intended to offer a defense of alibi. Defendant replied in the affirmative on March 4, 1981. The state then notified defendant on March 5, 1981 that it would call Eugene and Susan Willis to rebut defendant's alibi. On March 9, 1981, the morning of trial, the state gave defendant written notice of its intent to call two more alibi rebuttal witnesses at trial. Defendant objected to the timeliness of the notice. The state argued that it had just learned of the existence of the additional witnesses. The trial judge refused to exclude the testimony of the additional witnesses.
Under the circumstances, we are unable to say that the trial judge abused his discretion. Moreover, only one of the additional witnesses testified at trial and her testimony was not directed at the rebuttal of defendant's alibi. Therefore, defendant was not prejudiced. Also, defendant did not request a continuance to conduct additional *1235 discovery which would have eliminated any potential prejudice. La.Code Crim.P. art. 729.5.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in allowing the state, over his objection, to ask one of its witnesses, Eugene Willis, repetitive questions concerning his motive for testifying on behalf of the state. Willis had been granted immunity by the state. Willis' initial answer was vague and necessitated additional questioning to clarify his answer. Hence, the trial judge did not abuse his discretion in overruling defendant's objection as to the repetitiveness of the questions. La.R.S. 15:275. Moreover, defendant suffered no prejudice. In fact, defendant sought on cross-examination to impeach Willis on the basis of his motive for testifying.
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in allowing the state to question Sgt. W. L. Deaver concerning his knowledge of sentences imposed for narcotics convictions.
During cross-examination, defendant asked Sgt. Deaver whether the penalty for distribution depended upon the quantity of the drugs involved. He responded that he believed that the penalty was the same regardless of the amount. On redirect, the state asked him whether he had been referring to the possible penalty or to the penalty actually imposed. Defendant objected. The trial judge overruled the objection and permitted the witness to answer the question.
The state's question was within the scope of redirect as it was directed at a matter covered on cross-examination. La.R.S. 15:281. Hence, the trial judge did not err in overruling the objection.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in allowing in evidence hearsay testimony concerning money owed to defendant for narcotics.
Count (3) of the information charged defendant with distribution of 5 grams of methamphetamine on January 8, 1980. The price was $750 but defendant was paid only $300 at that time. On February 2, 1980 (about three weeks later), State Trooper William Beckham, together with Eugene Willis, at whose residence the distribution of drugs had taken place, met Irma Jean Wilhite, a friend of defendant, at Gentry's Dixie Dandy in West Monroe to make payment of the balance due ($450). Trooper Beckham, over defendant's objection, was permitted to state that the subject of the conversation was drugs and money owed to defendant by Willis. This conversation formed part of one continuous transaction and was therefore admissible under the res gestae exception to the hearsay rule. La. R.S. 15:448.
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in allowing redirect examination of District Attorney J. Carl Parkerson on a matter not covered in cross-examination.
On cross-examination, defendant asked Mr. Parkerson whether he had told defense counsel and defendant's father that he was going to "put Frank in the penitentiary." He denied making an unqualified statement to that effect. On redirect, the state asked Mr. Parkerson whether he had made a qualified statement about his intention to put Frank Feeback in the penitentiary. Defendant objected on the ground that the question was not within the scope of redirect examination. The objection was overruled and the witness was allowed to answer the question.
The state's question was within the scope of redirect as it was directed at a matter covered on cross-examination. La.R.S. 15:281. Hence, the trial judge did not err in overruling the objection.
*1236 Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends the trial judge erred in admitting in evidence, over his objections, various items seized from his residence. He argues that the items were not relevant and constituted evidence of other crimes.
The complained of items consisted of two bags of syringes, a small box with a spoon, a slapper (billy club), tear gas canister, three address books, two note pads, three handguns, a radio scanner and a telephone answering machine. Most of the items were relevant to prove defendant's intent to distribute and/or his dominion and control over the drugs seized from his residence. Although not evidence of other crimes, the other items were irrelevant; however, they were not of such a prejudicial nature as to constitute reversible error.

ASSIGNMENT OF ERROR NO. 12
Defendant contends the trial judge erred in allowing in evidence, over his objection, hearsay evidence.
On January 8, 1980, Eugene Willis telephoned defendant's residence from the sheriff's office to arrange a meeting for an undercover officer to buy drugs from defendant. Lynn Graves answered the phone and informed Willis that defendant was not at home. On redirect examination, the state asked Willis what he had said to Ms. Graves. Defendant's objection was overruled and the witness responded that he told her that a "guy was in town that Frank wanted to talk to...."
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Hathorn, 395 So.2d 783 (La.1981); State v. Broussard, 391 So.2d 1167 (La.1980); State v. Hatcher, 372 So.2d 1024 (La.1979). A well-known rule is that evidence is non-hearsay which is offered not to prove the truth of the facts recited, but to prove that the utterance occurred. State v. Hatcher, supra. The contested statements were not offered to prove the truth of the facts recited but rather that the utterance occurred, demonstrating how the January 8, 1980 meeting with defendant was arranged (at which meeting the distributions in counts (3) and (4) occurred). Hence, the trial judge did not err in overruling the objection.
Assignment of Error No. 12 is without merit.

ASSIGNMENT OF ERROR NO. 13
Defendant contends the trial judge erred in allowing evidence of other crimes without notice.
During a search of defendant's residence, a quantity of marijuana in a brown bag was seized. That marijuana was the subject of count (5) of the information (possession of marijuana with intent to distribute). At trial, defendant called Virginia Friday as a witness. She testified that, while she was cleaning defendant's home and while defendant was asleep (some six hours prior to the search), two women arrived with a grocery bag similar to the one containing the marijuana seized in the search. Ms. Friday stated that they left the bag at defendant's residence. She also testified that she had known defendant for some twelve years and that defendant had never distributed drugs to her. Thereafter, the state called Helen Crump Feeback in rebuttal and asked her if she had seen defendant distribute drugs to Ms. Friday. The witness answered in the affirmative. Defendant's objection on the ground of relevancy and request that the jury be instructed to disregard the answer was denied. No further questions were asked in this regard.
Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side. La.R.S. 15:486. The credibility of a witness may be attacked generally, or it may be attacked only insofar as the credibility in the case on trial is concerned. La.R.S. 15:490.
*1237 At the outset, we note that defendant did not object at the time of occurrence on the ground of lack of notice. A new basis for an objection cannot be raised for the first time on appeal. La.Code Crim.P. art. 841; State v. Sanders, 357 So.2d 492 (La.1978). In any event, defendant's contention is without substance. The state called Helen Feeback to impeach the credibility of Ms. Friday insofar as her (Ms. Friday's) credibility in the case on trial was concerned. No notice is required to be given defendant of evidence offered to impeach the credibility of a witness. Hence, the trial judge did not err in his ruling.
Assignment of Error No. 13 is without merit.

ASSIGNMENT OF ERROR NO. 14
Defendant contends the trial judge erred in refusing to give a special written charge requested by him. The requested special charge involved the credibility of witnesses granted immunity.
A defendant has the right before argument to submit to the court special written charges for the jury. A requested special charge need not be given if it is included in the general charge. La.Code Crim.P. art. 807.
In the instant case, the court's general charge to the jury included ample instructions on the credibility of witnesses. Hence, the trial judge did not err in refusing to give the requested special charge.
Assignment of Error No. 14 is without merit.

ASSIGNMENT OF ERROR NO. 15
Defendant contends the trial judge erred in imposing excessive sentences.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentences imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Carter, 412 So.2d 540 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980).
In the instant case, defendant was convicted of four counts of distribution occurring on two occasions and one count of possession occurring on a third occasion. At the sentencing hearing, the trial judge stated that, although the amount of drugs distributed was small, the evidence indicated that defendant intended these distributions to lead to much larger ones in the future. Defendant had previously been convicted of felony offenses as well as for possession of marijuana. Under the circumstances, we are unable to say the trial judge abused his discretion in sentencing defendant. The sentences imposed were not excessive.
Assignment of Error No. 15 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[*] Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Fourth Circuit Court of Appeal and Judge H. Charles Gaudin of the Fifth Circuit Court of Appeal participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] Counts (1), (2) and (3) are alleged to be in violation of La.R.S. 40:967; counts (4) and (5), in violation of La.R.S. 40:966.
[2] Defendant was sentenced to serve two and a half years at hard labor and to pay a fine of $1,000 on count (1) (distribution of methaqualone). On count (2) (distribution of methamphetamine), he was sentenced to serve two and a half years at hard labor and to pay a fine of $1,000, concurrent with the sentence imposed on count (1). On count (3) (distribution of methamphetamine), defendant was sentenced to serve ten years at hard labor, consecutive with the sentences imposed on counts (1) and (2). On count (4) (distribution of marijuana), he was sentenced to serve four years at hard labor and to pay a fine of $1,000, concurrent with the sentences imposed in counts (1), (2) and (3). On count (5) (possession of marijuana), defendant was sentenced to serve one hundred days in the parish jail and to pay a fine of $400, concurrent with sentences imposed on counts (1) through (4).
[3] Assignment of Error No. 6 was neither briefed nor argued; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[4] 386 So.2d 1383 (La.1980).
[5] La.Code Crim.P. art. 727 provides:

A. Upon written demand of the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.
B. Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the district attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.
C. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under Subsection A or B, the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.
D. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.
E. For good cause shown, the court may grant an exception to any of the requirements of Subsections A through D of this Section.
F. Evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention.