LABORDE, Judge.
Defendant, Perry Michael Hebert, was charged by' bill of information with the crime of purse snatching, in violation of LSA-R.S. 14:65.1. He pleaded not guilty, and on June 16-17, 1983, was tried before a six-member jury and found guilty. He was sentenced to serve a term of six (6) years in the custody of the Department of Corrections. Defendant appeals, raising two (2) assignments of error which question the constitutionality of a pretrial identification lineup wherein defendant was identified by the victim and a bystander. Finding no irregularities or undue suggestiveness in the lineup procedure, we affirm.
FACTS
The defendant, Perry Michael Hebert, was convicted for snatching a purse belonging to Mrs. Jerelyn Rybicki on November 4, 1982, at the Trailways Bus Depot on the corner of Lawrence and Bilbo Street. Betty Ann Thomas was an eyewitness to the incident. She arrived shortly after 6:30 a.m. and observed the defendant, whom she knew as “Perry”, pacing in front of the depot. Mrs. Rybicki arrived at the depot at approximately 6:40-6:45 a.m. and went to the ticket counter to purchase a ticket for her son. Aside from her son and the ticket agent, only the defendant and a man filling vending machines were present inside the depot. As Mrs. Rybicki stood at the counter, the defendant approached her holding a quarter. She asked him if he wanted change, and he indicated that he did not, but he nevertheless accepted five nickels for his quarter. Mrs. Rybicki noticed that he was a young black man about five feet, seven inches tall, wearing a hard hat, light colored windbreaker, dark pants, and that he had a goatee beard. The defendant then went over to the vending machines where he again approached Mrs. Rybicki, grabbed her wallet (which contained over $300), and escaped toward the door. Mrs. Rybicki attempted to grab the defendant but was pushed or fell away. Ms. Thomas saw the defendant take the wallet and run out the front door of the depot. She then *879 pursued him in her car while the ticket agent pursued him on foot, but the defendant jumped into a yellow Mustang and escaped.
On November 22, 1982, detective Robert Broussard presented Mrs. Rybicki with a photographic lineup, and she identified the defendant as the man who took the wallet. Sergeant Robert Martin also presented the same photographic lineup to Ms. Thomas who identified the defendant as the man who took Mrs. Rybicki’s wallet. Both Mrs. Rybicki and Ms. Thomas positively identified the defendant at the trial as the man who took the wallet.
Defendant was tried by a six-member jury and was unanimously convicted for purse snatching. He was then sentenced to serve six (6) years at hard labor.
PRETRIAL LINEUP IDENTIFICATION
Defendant contends in his first assignment of error that the procedures used for the identification lineup were improper and violated his civil rights. In his second assignment, he avers that the identification was not a positive identification in view of the facts testified to by the state’s witnesses.
Defendant strongly argues in brief that the police erred in conducting a photographic lineup while the defendant was in custody and available for a physical lineup. Defendant contends that a physical lineup should have occurred. He also argues that Mrs. Rybicki’s identification of the defendant in the photographic lineup was not a positive one since she then asked the officer, “How did I do?” and because she stated, “I circled the one I thought it was.”
At the outset, we note that these two arguments have not been properly preserved for review on appeal since the defendant failed to offer any objection during the trial on these grounds. It is settled law that a new basis for an objection cannot be raised for the first time on appeal. State v. Feeback, 414 So.2d 1229 (La.1982); La.C.Cr.P. art. 841. Therefore, the only issue properly before us is whether the photographic lineup was unduly suggestive or prejudicial in light of the evidence presented.
In reviewing an identification procedure, the court must determine whether the procedure was so unnecessarily suggestive and so conducive to an irreparable mistaken identification that the defendant was denied due process of law. State v. Neslo, 433 So.2d 73 (La.1983). Photographs employed in a lineup are unconstitutionally suggestive if they display the defendant so singularly that the witness’ attention is unduly focused upon the defendant. However, strict identity of physical characteristics among the persons depicted in the photo array is not required. All that is required is sufficient resemblance to reasonably test identification. State v. Smith, 430 So.2d 31 (La.1983).
In this instance, the photographic lineup consisted of six color photographs, all depicting a front and side view of the men’s heads. None of the photographs indicate height, weight or size, nor are there any facial distinguishing characteristics displayed. All of the lineup subjects have facial hair, five of which, including the defendant’s photograph, depict facial hair resembling a goatee. It cannot be said that the lineup displayed the defendant so singularly that the witness’ attention was unduly focused upon him.
After thoroughly reviewing the record, we hold that the photographic lineup was not unduly suggestive or singular. Both Mrs. Rybicki and Ms. Thomas positively identified the defendant with reasonable certainty. The facts reveal that they both had ample time and opportunity to view the defendant at the time of the crime. There was no indication that there was inadequate lighting at the time the purse snatching occurred at the counter. Both eyewitnesses indicated that they observed the defendant and paid attention to him prior to the occurrence of the crime. Ms. Thomas had previously seen the defendant in other places. Finally, the time from the date of the crime to the photo *880 graphic lineup consisted of only eighteen (18) days.
Based on these facts, we find that both Mrs. Rybicki and Ms. Thomas could have positively identified the defendant from a photographic lineup. Further, we hold that the identifications by both eyewitnesses were in fact positive ones and that the lineup was neither unduly suggestive or singular within the constitutional standards. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Stewart, 389 So.2d 1321 (La.1980). Defendant’s assignment of errors are therefore without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.