GARRISON, Judge.
The defendant, Felton Dyer, was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967. After a jury found the defendant guilty as charged, the trial judge sentenced him to five years at hard labor. Defendant appeals his conviction and sentence.
On September 18, 1988, Officer Michael Moragas of the New Orleans Police Department was participating in an undercover operation named “Operation Crackdown” which was focusing on narcotics dealers, specifically those selling crack cocaine, who were operating in residential areas of the city. At approximately 8:55 p.m. on that date, Officer Moragas was driving near the corner of Edinburgh and Eagle Streets in New Orleans. He was dressed in civilian clothes and was driving *158 a civilian car equipped with a transmitting device used to monitor conversations between undercover officers and suspected drug dealers.
As Officer Moragas pulled his car over to the curb and stopped, he was approached by the defendant who asked the officer what he needed. Officer Moragas responded that he wanted a "twenty”, which is street slang for twenty dollars worth of cocaine. The defendant then asked Officer Moragas if he wanted “powder” or “rock”, the latter referring to crack cocaine. Officer Moragas indicated that he wanted crack cocaine and gave the defendant twenty dollars. At that time, the defendant walked away and returned shortly thereafter with two bags containing substances which the officer believed to be crack cocaine.
Officer Moragas then drove away from the area where the drug transaction had taken place. He used the one-way transmitter in his car to report a description and location of the defendant to two police officers who were stationed a couple of blocks away and who had monitored the conversation between the defendant and Officer Moragas. In accordance with the pre-ar-ranged plan, Officers Timothy Bayard and Edward Messina then drove to the location reported by Officer Moragas, saw the defendant who fit the description reported by Officer Moragas, and stopped the defendant and asked him for identification. As the police officers recorded information on the proof of identification produced by the defendant, Officer Moragas drove back to the location where the defendant was stopped by the other officers and nodded his head to indicate to the other officers that the man who had been stopped and asked for identification was the same man who sold crack cocaine to him moments before.
Because of the ongoing nature of “Operation Crackdown”, the officers permitted the defendant to leave so as to not jeopardize their chances of catching other narcotics dealers operating in the area. The three officers then met at a pre-arranged location where Officer Moragas put the evidence in a bag and put his name on the bag. The other officers then brought the evidence to police headquarters where it was analyzed and determined to be crack cocaine. At that time, an arrest warrant was issued for the defendant. He was arrested on October 25, 1988, the date on which all of the suspects in “Operation Crackdown” were arrested.
In his first assignment of error, the defendant argues that the trial court erred in admitting a tape recording into evidence and allowing it to be played for the jury over defense counsel’s objection. The state correctly argues that the issue of the admissibility of the tape recorded conversation between the defendant and Officer Moragas was not preserved for appeal by a specific contemporaneous objection. Although the defense objected to the introduction of the tape at trial, the basis of that objection was that the State had not established a proper foundation for introducing the tape during Officer Moragas’ testimony because Officer Moragas was not the person who actually taped the conversation. This objection, while valid when made, was made moot by the subsequent authentication of the tape during the testimony of Officer Messina, the person who taped the conversation.
On appeal, the defense argues that the tape was inadmissible because it was illegally obtained in violation of LSA-R.S. 15:1303, a part of the Electronic Surveillance Act. A new basis for an objection cannot be raised for the first time on appeal. State v. Feeback, 414 So.2d 1229 (La.1982). Therefore, because defense counsel did not object at trial to the alleged illegality of the tape recording, the defendant is precluded from raising this issue on appeal.
Furthermore, even if defense counsel had adequately preserved for appeal the issue of the alleged inadmissibility of the tape at trial on the grounds that it was illegally obtained in violation of the aforementioned Electronic Surveillance Act, that argument is meritless. LSA-R.S. 15:1303 states, in pertinent part, as follows:
*159 “A. Except as otherwise specifically provided in this Chapter, it shall be unlawful for any person to:
(1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire or oral communication;
(2) Willfully use, endeavor to use, or procure any other person to use or endeavor to use, any electronic, mechanical, or other device to intercept any oral communication when:
(a) Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
(b) Such device transmits communications by radio or interferes with the transmission of such communication;
(3) Willfully disclose, or endeavor to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection; or
(4) Willfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection ...
C. (3) It shall not be unlawful under this Chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception. Such a person acting under color of law is authorized to possess equipment used under such circumstances.”
“Intercept” is defined in LSA-R.S. 15:1302 as “the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.”
The defense argues that the tape of the conversation between the defendant and Officer Moragas was illegal because the officers who recorded the conversation, though acting under “color of law”, allegedly did not have the prior knowledge or consent of Officer Moragas to record his conversation. The record in this case shows that Officers Bayard and Messina were the intercepters of the conversation, acting under color of law, and that they clearly had the prior consent and cooperation of Officer Moragas to intercept or “aurally acquire” the communication between him and the defendant. Thus, the facts of this case fall squarely within the above-stated exception to the prohibition of the interception of the contents of any wire or oral communication. Therefore, there was no illegality in the interception of the conversation between the defendant and Officer Moragas. This assignment of error is without merit.
In the second assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence. Although the defendant received the minimum sentence allowable under LSA-R.S. 40:967, five years, that statute does not prohibit probation. The defendant argues that, as a first offender, either probation only or probation with a shorter period of incarceration as a special condition would be a more appropriate penalty in this case.
In his reasons for sentencing, the trial judge took into consideration the facts that the defendant had no prior criminal record and that the amount of drugs sold to the undercover officer was small. However, the judge stated that a five year prison term was warranted in this case because a lesser sentence would deprecate the seriousness of the crime. The judge further stated that the sale of such a dangerous substance as crack cocaine is “an act which necessarily threatens serious harm”, that the defendant was aware of that fact and that there was no justification for defendant’s conduct.
In view of the facts of this case and the trial judge’s reasons for sentencing, the defendant’s sentence of five years at hard labor was neither excessive nor an abuse of the trial judge’s discretion. This assignment of error is without merit.
*160 Therefore, for the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.